IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

WILLIE K. BROOKS,

                        Plaintiff

            VS.

                                                NO. 5:05-CV-163 (CWH)

JOANNE B. BARNHART,
S.S. Commissioner,

                        Defendant          **SOCIAL SECURITY APPEAL**

| **O R D E R** |
| --- |

    This is a review of a final decision of the Commissioner of Social Security denying the plaintiff's claim for benefits under the Social Security Act, 42 U.S.C. § 423.  All administrative remedies have been exhausted. Jurisdiction arises under 42 U.S.C. § 405(g). Both parties have consented for the United States Magistrate Judge to conduct any and all proceedings herein including the ordering of the entry of judgment. Any appeal from this judgment permitted by law may be taken directly to the Court of Appeals of the Eleventh Circuit in the same manner as an appeal from any other judgment of a district court. 28 U.S.C. § 636(c)(3).

    On April 12, 2002, plaintiff filed an application for Disability Insurance Benefits and Period of Disability. He alleged disability commencing on February 7, 1969, due to post-traumatic stress disorder, shell fragment wounds of the left leg and shoulder, hypertension, headaches, depression, and a seizure disorder.  The application was denied initially and after further review.  This civil action was commenced after the recommendation to deny benefits was adopted as the Commissioner's final decision in this case.

### LEGAL STANDARDS

    The court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards were applied. *Walker v. Bowen*, 826 F.2d 996 (11th Cir. 1987). Substantial evidence is defined as more than a scintilla and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389 (1971).

The court's role in reviewing claims brought under the Social Security Act is a narrow one. The court may not decide facts, reweigh evidence, or substitute its judgment for that of the Commissioner.[1] *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The court must, however, decide if the Commissioner applied the proper standards in reaching a decision. *Harrell v. Harris*, 610 F.2d 355, 359 (5th Cir. 1980).

The court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings. *Bloodsworth v. Heckler, supra*, at 1239. However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it. *Id.*

The initial burden of establishing disability is on the claimant. *Kirkland v. Weinberger*, 480 F.2d 46 (5th Cir. 1973). However, the claimant's burden is a heavy one and is so stringent that it has been described as bordering on the unrealistic. *Oldham v. Schweiker*, 660 F.2d 1078 (5th Cir. 1981).

A claimant seeking Social Security disability benefits must demonstrate that he suffers from an impairment that prevents him from engaging in any substantial gainful activity for a twelve-month period. 42 U.S.C. § 423(d)(1). In addition to meeting the requirements of these statutes, in order to be eligible for disability payments, a claimant must meet the requirements of the Commissioner's regulations promulgated pursuant to the authority given in the Social Security Act. 20 C.F.R. 404.1 et seq.

---

[1]Credibility determinations are left to the Commissioner and not to the courts. *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991). It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence. *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986). *See also Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986).

Under the regulations, the Commissioner determines if a claimant is disabled by a five step procedure. 20 C.F.R. § 404.1520, Appendix 1, Part 404. First, the Commissioner determines whether the claimant is working. Second, the Commissioner determines whether the claimant has an impairment which prevents the performance of basic work activities.  Next, the Commissioner determines whether the claimant's impairment(s) meets or equals an impairment listed in Appendix 1 of Part 404 of the regulations. Fourth, the Commissioner determines whether the claimant's residual functional capacity can meet the physical and mental demands of past work. Finally, the Commissioner determines whether the claimant's residual functional capacity, age, education, and past work experience prevents the performance of any other work.

In arriving at a decision, the Commissioner must consider the combined effect of all the alleged impairments, without regard to whether each impairment, if considered separately, would be disabling.  *Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984). The Commissioner's failure to apply correct legal standards to the evidence presented is grounds or reversal. *Id.*

## DISCUSSION

The plaintiff contends that the Commissioner erred in discounting the opinions of his treating physicians and relying on the opinions of two state agency non-examining physicians.

It is well settled that the opinion of a treating physician is entitled to substantial weight unless good cause exists for not heeding it. *Broughton v. Heckler*, 776 F.2d 960, 961-62 (11th Cir. 1985). A treating physician's report may be discounted when it is not accompanied by objective medical evidence or when it is conclusory. *Schnorr v. Bowen*, 816 F.2d 578, 582 (11th Cir. 1987). The ALJ can also reject the opinion of any physician when the evidence supports a contrary conclusion or when it is contrary to other statements or reports of the physician. *Oldham, supra*, at 1084. *Edwards v. Sullivan*, 937 F.2d 580, 583-84 (11th Cir. 1991). *See also Wilson v. Heckler*, 734 F.2d 513, 518 (11th Cir. 1984). However, the reports of reviewing non-examining physicians do not constitute substantial evidence on which to base an administrative decision.  Moreover, the good

-3-

cause required before the treating physicians' opinions may be accorded little weight is not provided by the report of a non-examining physician where it contradicts the report of a treating physician. *Lamb. v. Bowen*, 847 F.2d. 698, 703 (11th Cir. 1988).

In the present case, the record contains voluminous medical records concerning the plaintiff's treatment since the late 1960's. These records outline plaintiff's various physical and mental impairments over the years including treatment for post traumatic seizures, vascular and muscular headaches, and a craniectomy with debridement of the temporal lobe.

Dr. Richard McAdam, who treated plaintiff in October 1971, found that he suffered from an "overall moderate to marked intellectual impairment." R. 551. X-rays of plaintiff's skull showed a left temporal defect. It was also noted that there were tiny metallic foreign bodies in plaintiff's chest. Dr. McAdam opined that plaintiff "should be considered 100% and perhaps totally disabled." *Id*. at 555.

In April 1986, plaintiff underwent a psychological consultation with Dr. John Arena. Dr. Arena found that plaintiff suffered from an organic brain syndrome due to his shrapnel head wound injuries during the Vietnam War. Although plaintiff was reluctant to discuss his experiences during the Vietnam War, Dr. Arena was able to discern that he continued to suffer bad dreams and nightmares as a result of his experiences. R. 556. Dr. Arena diagnosed plaintiff with organic brain syndrome and combat related post traumatic stress disorder. R. 558. At the hearing before the ALJ, plaintiff and his wife testified to essentially this same information that was discussed by Dr. Arena. 486-626.

The ALJ places a great deal of reliance on two non-examining state agency physicians. After off-handedly stating that the medical evidence does not support plaintiff's contentions of disability, the ALJ noted that "state agency consultants retrospectively examined the record and found no signs of restrictive mental impairments as of 1969-1970." R. 20. This assessment is not supported by substantial evidence. Both Drs. McAdam and Arena, who treated and examined the plaintiff, felt that he suffered from debilitating limitations as a result of his experiences in Viet Nam,[2] yet the ALJ

---

[2]Although the reports by these physicians were generated many years after the period under consideration, they show that plaintiff had been having problems since his return from Viet Nam in 1969.

fails to mention either of these reports or note any of the evidence in the records besides that of the state agency physicians.  Moreover, there is more than ample other medical evidence in the record to establish that plaintiff suffers from such severe limitations as a result of his experience in Viet Nam that an award of benefits is required.      The ALJ chose to ignore this evidence and erroneously rely on the opinions of non-examining physicians to determine that plaintiff was not disabled. Under these circumstances, the decision of the Commissioner must be REVERSED AND REMANDED for the award of benefits.[3]

IT IS SO ORDERED, this 30th  day of NOVEMBER, 2005.[4]



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE

---

[3]The undersigned is not unaware of the plaintiff's remaining arguments.  However, in light of the disposition herein made, it is unnecessary to address them.

[4]The court notes that the period of disability under consideration commences on February 7, 1969 and runs until September 30, 1974.

-5-